UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

JOSE A. PEREZ-ROMAN, ET AL.,          *
    Plaintiffs,                       *
                                      *
    v.                                *   CIVIL NO. 98-2019(PG)
                                      *
PEDRO TOLEDO-DAVILA, ET AL.,           *
    Defendants.                       *

### Order

Plaintiff failed to serve summons issued on September 10, 1998. As a consequence, on April 20, 2000 this Court entered an order and judgment dismissing the case **with prejudice**.

Upon examination of the record, this Court finds that it committed a clerical error. The order and judgment should have dismissed the case **without prejudice** under Fed.R.Civ.P. 4(m).

Rule 60(a) of the Federal Rules of Civil Procedure provides the vehicle through which a court can correct its own clerical errors. Specifically, the Rule provides that "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders." Fed.R.Civ.P. 60(a). There is no question that the type of mistake involved in the present case is of the type envisioned by Rule 60(a).

The Supreme Court has recognized a district court's plenary power to correct its own clerical mistakes. See <u>Gagnon v United States</u>, 193 US 451 (1904) (Holding that it is axiomatic that courts

AO 72A
(Rev.8/82)

Civil No. 2019(PG)                                                          2

have the power and the duty to correct judgments which contain clerical errors or judgments which have been issued due to inadvertence or mistake). See also <u>In re Marc Rich & Co v U.S.</u>, 739 F.2d 834, 836 (2nd Cir 1984). Rule 60(a) of the Federal Rules of Civil Procedure recognizes this power. <u>American Trucking v Frisco Transp.</u>, 358 US 133 (1958).

Wherefore, the Court ordains that the Order and Judgment issued in this case on April 20, 2000 be corrected *Nunc pro tunc* to read **dismiss without prejudice** rather than dismiss with prejudice.

**IT IS SO ORDERED**

San Juan, Puerto Rico  *October* _19_, 2000.

_____
Juan M. Pérez-Giménez
U.S. District Judge